**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STARWOOD HOTELS & RESORTS WORLDWIDE, INC., | : : : | Civil Action No. 10-5732 (DRD) (MAS) |
| Plaintiff, | : : | |
| v. | : : | **OPINION AND ORDER TO APPEAR FOR DEPOSITION AND TO SHOW CAUSE** |
| GEORGE BIBB, | : : | |
| Defendant. | : : | |

This matter comes before the Court by way of Plaintiff Starwood Hotels & Resorts Worldwide, Inc.'s ("Plaintiff" or "Starwood") motion for contempt and sanctions against Defendant George Bibb ("Defendant" or "Bibb"). (Docket Entry Number ("Doc. No.") 1 ("Pl.'s Moving Br.").) Defendant did not oppose Plaintiff's motion.

For the reasons expressed below, Plaintiff's motion is granted in part and denied in part without prejudice.

**I.      STATEMENT OF FACTS**

The parties are well-versed in the underlying facts and, as such, the Court will address only those facts relevant to the instant motion. This matter arises out of an underlying personal injury action currently pending in the Northern District of Georgia, Atlanta Division. The plaintiff in the underlying Georgia action, Jason N. Gordon ("Mr. Gordon" or "Gordon"), filed a negligent security claim after he was allegedly attacked in the lobby of one of Starwood's Atlanta hotels by unknown third parties. (Pl.'s Moving Br. 2.) Bibb, a college friend of Gordon's, was listed by Gordon's attorney as a witness to the alleged attack. *Id*. Gordon's

counsel refused to assist Starwood in scheduling Bibb's deposition in the underlying Georgia case so Starwood served Bibb with a deposition subpoena issued by the United States District Court for the District of New Jersey.[1]

Starwood sent a letter and subpoena to Bibb on September 30, 2010, demanding his appearance at a deposition scheduled on October 19, 2010, at 11:00 a.m., in Fort Lee, N.J. (Pl.'s Moving Br. 3.) Bibb received the letter and subpoena via personal service at his residence on October 2, 2010. (*Id.*) Mr. Gordon's counsel was also served with a notice of Bibb's scheduled deposition. (*Id*. at 3.) Despite receiving notice of the deposition, neither Bibb nor Mr. Gordon's counsel appeared on the scheduled date. (*Id.* at 4.) No objection to the subpoena was filed nor was any notice given that Bibb could not or would not attend the deposition. (*Id.* at 3.)

At approximately 5:00 p.m. on October 19, 2010, six hours after the scheduled deposition, Bibb notified counsel for Starwood that "something came up at work," preventing him from attending the deposition. (*Id.* at 6.) Starwood, however, asserts that this explanation is inexcusable as "[t]he subpoena required Mr. Bibb to travel approximately five miles from his home" and he received "more than two weeks advance notice of the deposition." (*Id.* at 5.) In addition, Starwood alleges that the failure of Mr. Gordon's counsel to appear confirms that neither he nor Bibb had any plans to appear for the deposition in the first instance. (*Id.* at 6.) As Starwood asserts, "[i]f it was truly a last minute emergency, how did Mr. Gordon's counsel know he did not have to travel to New Jersey and appear for the deposition[?]" (*Id.*)

---

[1] It is worth noting that Starwood filed a motion to compel Mr. Gordon's deposition after he failed to appear for his deposition in the underlying case. The U.S. District Court for the Northern District of Georgia granted the motion and sanctioned Mr. Gordon and his attorney in the amount of $890. (Pl.'s Moving Br. 3.)

Plaintiff requests that this Court enter an Order imposing the following sanctions:

(1) an order of contempt against George Bibb, pursuant to Fed. R. Civ. P. 45, for failure to comply with a subpoena;

(2) . . . reimbursement for all of its costs and expenses incurred in attending the deposition, in the amount of $3,311.00, plus the costs of filing the instant complaint (at least an additional $750); and

(3) an order compelling Bibb to appear for a deposition at a time convenient to [Starwood].

(*Id.* at 1-2.)

## II.   LEGAL STANDARD & ANALYSIS

Under Federal Rule of Civil Procedure 45(c)(3)(A)(ii), an individual "who is neither a party nor a party's officer" cannot be required "to travel more than 100 miles from where that person resides" in order to comply with a subpoena. Fed. R. Civ. P. 45(c)(3)(A)(ii). In light of this requirement, a subpoena should be issued by "the court for the district where the deposition is to be taken . . . ." Fed. R. Civ. P. 45(a)(2)(B). In the event that a person who has been served with a subpoena fails to obey the subpoena, and does not provide an adequate reason for doing so, the issuing court may hold that person in contempt. Fed. R. Civ. P. 45(e).

Under Federal Rule of Civil Procedure 30(d)(2), the Court may enter an order imposing "an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Failure to comply with a subpoena must be excused in instances where the subpoena violates the limitations imposed by Federal Rule of Civil Procedure 45(c)(3)(A)(ii). Fed. R. Civ. P. 45(e). In the absence of such a violation, a sanction is appropriate if no "adequate excuse" exists as to why the subpoena was not obeyed. *See id.*; *Kupritz v. Savannah*

*Coll.*, 155 F.R.D. 84, 89 (E.D. Pa. 1994) (contempt not appropriate when "adequate excuse" provided).

Before entering a finding of contempt, due process requires that the individual to be sanctioned is afforded notice and an opportunity to be heard. *Harris v. City of Phila.*, 47 F.3d 1311, 1322 (3d Cir. 1995). "[A] civil contempt proceeding is characterized by remedial measures for the benefit of the complainant." *N.J. Bldg. Laborers Statewide Benefit Funds v. Torchio Bros., Inc.*, 2009 U.S. Dist. LEXIS 10267, at *3 (D.N.J. Feb. 11, 2009). In instances where the cause for contempt is failure to comply with a valid court order, "it is appropriate to give notice by order to show cause and to hold a hearing." *Harris*, 47 F.3d at 1322.

A finding of civil contempt is appropriate in instances where the Court finds that: "(1) a valid court order existed, (2) [there was] knowledge of the order," and (3) the order was disobeyed without adequate reason. *Torchio Bros., Inc.*, 2009 U.S. Dist. LEXIS 10267, at *4 (quoting *Harris*, 47 F.3d at 1326). The Court's power to find civil contempt is discretionary and should be exercised with caution." *United States v. Richlyn Lab., Inc.*, 817 F. Supp. 26, 28 (E.D. Pa. 1993) (citing *Littlejohn v. Bic Corp.*, 697 F. Supp. 192 (E.D. Pa. 1988)).

In the present case, the subpoena was validly issued by the District of New Jersey pursuant to its authority under Federal Rule of Civil Procedure 45(a)(2)(B). In addition, the record indicates that adequate notice was provided to both Bibb and Mr. Gordon's counsel. Furthermore, as is evidenced by Bibb's explanation that "something came up at work," it is clear that Bibb received notice of the scheduled deposition. As Starwood correctly notes, "[a] simple phone call would have allowed defense counsel to work around the alleged conflict." (Pl.'s Moving Br. 6.) Based on a careful consideration of the foregoing, the Court finds it appropriate to order Defendant's deposition to take place at the courthouse immediately followed by an

4

Order to Show Cause hearing.  In addition, the Court finds good cause to order reimbursement of fees, including but not limited to travel fees and, at a minimum, a portion of the Plaintiff's attorney's fees in connection with the October 19, 2010 deposition.  However, the Court will deny without prejudice Plaintiff's request for a finding of contempt pending Defendant's proffer at the Order to Show Cause hearing.

### III.  CONCLUSION

The Court having carefully considered the pleadings, and for good cause shown,

**IT IS** on this **6th day** of **May, 2011,**

**ORDERED THAT**:

1. Defendant shall appear for a deposition on **May 19, 2011 at 10:00 a.m.** in the jury room of the undersigned (Martin Luther King Jr. Federal Bldg. & U.S. Courthouse, 50 Walnut Street, Newark, NJ  07102, Courtroom 2C).[2]

2. **Immediately following the deposition, Defendant shall be required to show cause as to why he should not be held in contempt for failure to appear for his originally noticed deposition.**

3. Plaintiff's motion for an award of fees is granted in part.  The Court will decide on an appropriate award after the Order to Show Cause hearing.

4. Plaintiff's request for a finding of contempt is denied without prejudice pending Defendant's proffer at the Order to Show Cause hearing.

---

[2] The parties shall arrange the court reporter.

5. Counsel for Plaintiff shall serve a copy of this Order upon Defendant and provide proof of service to the Court.

          s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**